# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TAWANDA CHANDLER, in her capacity as the Personal Representative of the Estate of CHRISTOPHER LEE,** | )<br>)<br>)<br>)<br>) |
| **Plaintiff,** | ) 7:23-cv-01174-LSC<br>)<br>) |
| v. | )<br>) |
| **TUSCALOOSA COUNTY, ALABAMA, *et al.*,** | )<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

Before the Court is Defendant Tuscaloosa County, Alabama's ("The County") Motion to Dismiss. (Doc. 20.) Plaintiff Tawanda Chandler ("Plaintiff"), in her capacity as the Personal Representative of the Estate of Christopher Lee, brings this action for wrongful death and civil rights violations against a host of defendants. (Doc. 15.) Only Plaintiff's claims against The County are relevant here. For the reasons stated below, The County's Motion to Dismiss (doc. 20) is due to be **GRANTED**.

I.  **Background**[1]

On July 23, 2021, Christopher Lee reported to the Tuscaloosa County Jail to serve a thirty (30) day sentence for a misdemeanor offense. (Doc. 15 ¶ 23.) According to Plaintiff, the jail was overcrowded, and instances of inmate-on-inmate violence were frequent. (*Id.* ¶ 24.) On the morning of August 3, Lee was attacked by another inmate while resting in bed. (*Id.* ¶ 25.) Plaintiff contends that even though a deputy witnessed the attack, that deputy failed to intervene. (*Id.* ¶ 26.) Instead, the deputy reported the attack to several coworkers and supervisors, none of whom stopped the attack. (*Id.* ¶¶ 27, 28.)

According to Plaintiff, the attack caused Lee to enter cardiac arrest. (*Id.* ¶ 29.) Medical staff at the Tuscaloosa County Jail had access to a defibrillator that Plaintiff contends had not been properly maintained and so was inoperable at the time of Lee's cardiac arrest. (*Id.* ¶ 30.) Lee lost his life later that same day. (*Id.* ¶ 31.)

II.  **Standard of Review**

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to

---

[1] At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as true, and "[construe] the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The following facts are, therefore, taken from Plaintiff's allegations in her complaint, and the Court makes no ruling on their veracity.

withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial

experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III.  Discussion

Plaintiff's complaint asserts six counts against various individuals, all of whom are alleged to have committed actionable conduct within the scope of their employment with The County. On that basis, five counts are also asserted against The County under a theory of vicarious liability. The County moves to dismiss all claims against it, arguing that it cannot be held vicariously liable for the conduct of the individually named defendants.

**A. An Alabama County may not be held vicariously liable for the conduct of a sheriff or his employees (Counts I, III, IV, V, and VI).**

"Alabama counties are not charged with the duty of operating jails; instead, it is the county sheriffs who are vested with that responsibility." *Ex parte Sumter Cnty.*, 953 So.2d 1235, 1238 (Ala. 2006); *Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998) ("Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself."). The Alabama Supreme Court, construing the Alabama Constitution, has concluded that "a sheriff

is an executive officer of the State," and, therefore, "is not an employee of a county for the purposes of imposing liability on the county." *Ex parte Sumter Cnty.*, 953 So.2d at 1239 (citing *Parker v. Amerson*, 519 So.2d 442, 442–43 (Ala. 1987)). Thus, Alabama "counties cannot be held vicariously liable for the actions or omissions of the sheriff or his deputies in operating a county jail." *Id.* at 1238 (citing *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993)). Instead, "any liability of a county resulting from an incident at a county jail must be based on a failure of county officials to provide an adequate facility." *Id.* at 1239.

All claims that Plaintiff asserts against The County are premised on a theory of vicarious liability; she does not allege that county officials failed to provide an adequate facility. (*See* doc 15 ¶¶ 38, 55, 61, 69, 78.) "Because [Plaintiff] does not allege that [The] County breached a duty to furnish and maintain a jail facility, [s]he fails to state a claim upon which relief can be granted." *Ex parte Sumter Cnty.*, 953 So.2d at 1239. Accordingly, The County's motion to dismiss all claims against it is due to be **GRANTED**.

### B. A local government may not be held vicariously liable under § 1983 for the conduct of its employees (Counts IV, V, and VI).

Independent but similar grounds further support dismissal of Plaintiff's § 1983 claims against The County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "To impose § 1983 liability on a [local government], a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [local government] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty., Fla.*, 610 F.3d 588, 603 (11th Cir. 2010) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). "This liability is premised on a constitutional violation carried out by the County itself and cannot be based on theories of *respondeat superior* or vicarious liability." *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 819 (11th Cir. 2017) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)).

Plaintiff claims that The County, a local government, is vicariously liable for injuries inflicted solely by its employees or agents. (*See* doc. 15 ¶¶ 61, 69, 78.) Plaintiff does not allege that The County had any "custom or policy" that caused a violation of a constitutional right. (Doc. 15 ¶ 3); *T.W. ex rel. Wilson*, 610 F.3d at 603. Thus, Plaintiff fails to state an actionable § 1983 claim against The County. *Knight through Kerr*, 856 F.3d at 819; *Monell*, 436 U.S. at 694. Accordingly, The County's Motion to Dismiss is due to be **GRANTED** as to Counts IV, V, and VI.

## IV. Conclusion

For the reasons discussed above, The County's Motion to Dismiss is due to be **GRANTED**. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON NOVEMBER 27, 2023.

L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
215647