

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TAWANDA CHANDLER**, in her capacity as the Personal Representative of the Estate of **CHRISTOPHER LEE**,<br><br>Plaintiff,<br><br>v.<br><br>**TUSCALOOSA COUNTY, ALABAMA**, *et al.*,<br><br>Defendants. | 7:23-cv-01174-LSC |

## MEMORANDUM OF OPINION

Before the Court is Defendant Tuscaloosa County, Alabama's ("The County") motion to dismiss. (Doc. 31.) Plaintiff Tawanda Chandler ("Plaintiff"), in her capacity as the Personal Representative of the Estate of Christopher Lee, brings this action for wrongful death and civil rights violations against a host of defendants. (Doc. 27.) Only Plaintiff's claims against The County are relevant here. (Doc. 31-1.) The County moves this Court to dismiss two of the three claims asserted against it (Counts VIII and IX). (*Id.*) For the reasons stated below, The County's motion to dismiss (doc. 31) is due to be **GRANTED IN PART** and **DENIED IN PART**.

I. **Background**[1]

On July 23, 2021, Christopher Lee reported to the Tuscaloosa County Jail to serve a thirty (30) day sentence for a misdemeanor offense. (Doc. 27 ¶ 23.) On the morning of August 3rd, Lee was attacked by another inmate while resting in bed. (*Id.* ¶ 25.) According to Plaintiff, the attack caused Lee to enter cardiac arrest. (*Id.* ¶ 29.) Although medical staff at the jail had access to a defibrillator, Plaintiff claims it had not been properly maintained and so was inoperable at the time of Lee's cardiac arrest. (*Id.* ¶ 30.) Lee lost his life later that same day. (*Id.* ¶ 31.)

As relevant to the present motion, Plaintiff contends that The County is liable for Lee's injuries on two grounds. First, Plaintiff alleges that The County breached its statutory duty to build a jail of sufficient size. As a result, Plaintiff claims, the jail became overcrowded and instances of inmate-on-inmate violence at the jail became frequent, which ultimately led to Lee's attack. (*Id.* ¶¶ 24, 74, 84.) Second, Plaintiff claims that The County breached its statutory duty to provide adequate funding for medical care at the jail, causing Lee to be denied medical treatment after his attack.

---

[1] At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as true, and "[construe] the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The following facts are, therefore, taken from Plaintiff's allegations in her complaint, and the Court makes no ruling on their veracity.

(*Id.* ¶ 88.) The County challenges the sufficiency of these allegations to state a claim against it.[2]

## II.  Standard of Review

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts*

---

[2]  Plaintiff also alleges in a separate count that The County breached its statutory duty to properly maintain the defibrillator at the jail. (*See* doc. 27 ¶ 80.) The County does not challenge the sufficiency of those allegations.

*v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. Discussion

In relevant part, Plaintiff's Second Amended Complaint alleges that The County failed to maintain a jail of sufficient size and strength to secure the number of prisoners who were confined there (Count VIII), and that The County failed to provide adequate funding for the provision of medical care within the jail (Count IX). (Doc. 27 ¶¶ 84, 88.) The County does not argue that Plaintiff's allegations fail to

establish the necessary elements of her claims. Rather, it argues that the allegations are conclusory and, alternatively, constitute shotgun pleadings prohibited by Rule 10(b) of the Federal Rules of Civil Procedure.³ (*See* Doc. 31-1.) This Court agrees that the allegations as to Count IX, but not Count VIII, are conclusory.

As to Count VIII, The County's argument that Plaintiff's allegations are conclusory is unpersuasive for two reasons. First, The County does not develop this argument or cite any supporting authority other than *Iqbal*'s admonition that conclusory allegations are insufficient to survive a motion to dismiss.⁴ (*Id.* at 2–3.) *See Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments."). Second, this Court concludes that Plaintiff has alleged enough "factual content" to give this claim "facial plausibility." *See Iqbal*, 556 U.S. at 678.

To support Count VIII, Plaintiff alleges that (1) The County "fail[ed] to erect or maintain a jail of sufficient size and strength to secure" its prisoners, as evidenced

---

³   A county's breach of its statutory duty to maintain adequate jails is actionable under Alabama law. *See Keeton v. Fayette Cnty.*, 558 So. 2d 884, 887 (Ala. 1989) (reversing grant of summary judgment in favor of county defendant where the plaintiff brought wrongful death claims premised on the county's alleged breach of its statutory duty to maintain a jail). Because The County does not contest the viability of Plaintiff's claims generally, however, this Opinion addresses only whether The County has fair notice of the claims against it.

⁴   The County's three-page brief in support of its motion to dismiss contains only about one full page of argument. The County did not file a reply to Plaintiff's response.

by the fact that (2) "the Tuscaloosa County Jail was overcrowded" "[d]uring [Lee's] brief incarceration"; and that (3) "[i]nstances of inmate-on-inmate violence occurred frequently during periods of overcrowding," which allegedly made the attack on Lee and his untimely death a foreseeable consequence of The County's alleged failure to maintain a jail of sufficient size. (Doc. 27 ¶¶ 24, 84–85.) These allegations plausibly give rise to a claim for relief. *See Keeton v. Fayette Cnty.*, 558 So. 2d 884, 887 (Ala. 1989).

As to Count IX, however, this Court agrees with The County that the allegations are too conclusory to plausibly state a claim. In Count IX, Plaintiff alleges that The County "fail[ed] to provide adequate funding for medical care within the Tuscaloosa County Jail." (*Id.* ¶ 88.) This failure, she posits, is evidenced by the facts that the jail's defibrillator "was inoperable" and that Lee was allegedly "denied medical care and treatment." (*Id.* ¶¶ 30, 88.) But these allegations fail to explain how allegedly inadequate funding led to the inoperability of the defibrillator or the denial of medical care to Lee. Does Plaintiff allege that medical staff knew the defibrillator was inoperable and that they could not afford to order parts or maintenance services to fix it? Does she allege that Lee was denied medical care because the jail lacked the funds to hire staff members or to purchase supplies? Or does she claim something else entirely? If this Court cannot discern the basis of Plaintiff's claim from the

allegations in her complaint, it cannot expect The County to defend against this claim. Plaintiff having failed to "plead[] factual content that allows [this] Court to draw the reasonable inference" that The County's alleged failure to adequately fund medical care led to Lee's death, the allegations supporting Count IX fail to "raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 678; *Edwards*, 602 F.3d at 1291.

The County's argument that Plaintiff's allegations constitute shotgun pleadings lacks merit. "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit has clearly identified four different categories of shotgun pleadings:

> The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The second is a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third is a complaint that does not separate each cause of action or claim for relief into a different count. And the final type of shotgun pleading is a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1324–25 (cleaned up) (citations omitted).

Plaintiff's Second Amended Complaint does not fall into any of these four categories. It clearly separates each cause of action into its own count. Each count "specif[ies] which of the defendants are responsible for which acts or omissions, [and] which of the defendants the claim is brought against." *Id.* None of the counts "adopts the allegations of all preceding counts." *Id.* And the complaint is not "replete with conclusory, vague, and immaterial facts not obviously connected to any particular count." *Id.* To the contrary, other than nine allegations identified as common to all counts, the complaint alleges specific facts unique to each count. (*See* doc. 27 ¶¶ 23–31.) Thus, The County would not "be hard-pressed to understand 'the grounds upon which each claim [against it] rests.'"[5] *Barmapov*, 986 F.3d at 1326 (internal quotation marks omitted). Accordingly, this Court concludes that The County's Second Amended Complaint is not a shotgun pleading.

## IV. Conclusion

For the reasons discussed above, The County's motion to dismiss is due to be **GRANTED IN PART** and **DENIED IN PART**. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON MARCH 14, 2024.

---

[5] This conclusion, of course, does not apply to Count IX.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
215647